### EARLE v. RAFALOVITZ et al.

(Supreme Court, Appellate Division, Second Department. June 2, 1911.)

COURTS (§ 188*)—MUNICIPAL COURT—JURISDICTION.

Under Municipal Court Act (Laws 1902, c. 580) § 2, subd. 2, providing that the court shall not have any equity jurisdiction, except under enumerated circumstances, the court, in an action by a mortgagee to recover an installment of the mortgage debt, may not set aside, on the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ground of mutual mistake, the satisfaction of the mortgage, and render judgment for the installment; the granting of relief being exclusively of equitable jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 458; Dec. Dig. § 188.*]

Thomas, J., dissenting.

Appeal from Municipal Court of New York.

Action by Sadie K. Earle against Martin Rafalovitz and another. From a judgment for plaintiff, defendant named appeals. Reversed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Abraham H. Sarasohn, for appellant.

James Moffett (Robert E. Moffett, on the brief), for respondent.

WOODWARD, J. The complaint alleges that on or about the 12th day of June, 1905, the defendants covenanted with the plaintiff that the defendants would pay to the plaintiff the sum of $1,500, to be paid in installments of $150 semiannually, with interest at 5 per cent.; that no part thereof has been paid, excepting the sum of $1,350; and that there is now owing to the plaintiff the sum of $150, with interest. The answer denies the allegation of nonpayment of the sum of $150, and sets up two affirmative defenses—one, that the plaintiff accepted $300 in full payment of the plaintiff's cause of action; the second, that prior to the commencement of this action, and on or about the 3d day of May, 1909, and after the defendants had paid to the plaintiff the sum of $1,050 upon the said cause of action, and while the sum of $450 on the said cause of action was unpaid, though not yet due, the plaintiff agreed with defendants to accept the sum of $300 in full payment of the balance of the amount remaining unpaid, and the defendants, in pursuance of said agreement with the plaintiff, paid and delivered to the plaintiff, and the plaintiff received and accepted from the defendants, the sum of $300 in full satisfaction and settlement of the said claim, which is the same claim and cause of action in the complaint alleged, and the plaintiff then and there delivered to the defendants a certain instrument known as a "satisfaction piece" of the said bond and the mortgage accompanying the same.

Upon the trial it was not questioned that the plaintiff held a purchase-money mortgage made and executed by the defendant, with the usual bond accompanying the same, and that these instruments were duly surrendered to the defendants upon the payment of $300; but the plaintiff was permitted, over the objection and exception of the defendants, to put in evidence tending to show that the plaintiff, in accepting the $300 and delivering the satisfaction piece, together with the bond and mortgage, had made a mistake, that she had supposed there was only $300 soon to become due, and that the defendant had represented to her that this was the sum remaining unpaid, and had asked for a concession on the interest. With this evidence in the case, the learned Municipal Court found in favor of the plaintiff for the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sum of $150, the amount claimed by the plaintiff as remaining unpaid. The defendants appeal to this court.

The net result of the litigation is that the plaintiff, asserting an action at law, has been permitted to rescind a contract, and to recover as though there had been no executed contract between the parties, and we are of the opinion that the court was without jurisdiction to give this relief. Section 2 of the Municipal Court act provides in subdivision 2 that "said court shall not have any equity jurisdiction," except under certain circumstances not involved in this action; and surely, if the court was without equitable jurisdiction, it had no power to grant the plaintiff relief under the circumstances disclosed by the evidence, which was admitted in spite of the defendants' effort to exclude it. There can be no question that the plaintiff had accepted the defendant's check "in full satisfaction of mortgage on property 1631 Forty-Third street, borough of Brooklyn, city of New York," and had procured the same to be cashed with this indorsement upon the back thereof, and that she had executed and delivered a satisfaction piece, and had also delivered to the defendants the original bond and mortgage, so that the transaction was fully consummated; and without a decree of the court setting aside this settlement between the parties, there was no cause of action in favor of the plaintiff. Setting aside an executed contract is clearly not within the province of a court of law, and yet the Municipal Court, without any jurisdiction of an equitable nature, has in a simple action at law given judgment which could only come properly through an equitable action.

Plaintiff's counsel attempts to justify the judgment on the authority of certain cases which hold that a defendant may interpose an equitable defense for the purpose of defeating an action in the Municipal Court, where no affirmative relief is asked; but how this can give the plaintiff any rights it is difficult to understand. In the first place, the plaintiff specially disclaimed upon the trial that there was any fraud claimed. All that was claimed was a mutual mistake, and the plaintiff has asked to be relieved from that alleged mutual mistake, which is a matter exclusively of equitable jurisdiction, and to recover a substantial amount of money. She has had affirmative relief in a court which is denied all power to give other than legal remedies, and there are no authorities which justify the judgment.

The judgment appealed from should be reversed, with costs.

Judgment of the Municipal Court reversed and new trial ordered; costs to abide the event.

JENKS, P. J., and CARR and RICH, JJ., concur. THOMAS, J., dissents.