(82 Misc. Rep. 451.).

PETERSEN et ux. v. HUDSON P. ROSE CO.

(Supreme Court, Appellate Term, First Department. November 13, 1913.)

COURTS (§ 188*)—MUNICIPAL COURT—EQUITABLE JURISDICTION.

The Municipal Court of the City of New York, having no equitable jurisdiction except as expressly authorized by statute, in the absence of statutory authority therefor, may not rescind a contract for the sale of land on the ground of mutual mistake.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 439, 440, 442, 447, 448, 451, 452, 454, 458, 464, 465, 467, 468; Dec. Dig. § 188.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Martin Petersen and Anna Petersen, his wife, against the Hudson P. Rose Company. From a judgment for plaintiffs, defendant appeals. Reversed, and complaint dismissed.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Franklin Pierce, of New York City (William Langdon, of New York City, of counsel), for appellant.

Kindleberger & Robinson, of New York City (Charles P. Robinson, of New York City, of counsel), for respondents.

SEABURY, J. The complaint alleges a cause of action for money had and received, and demands judgment for $848.37. The complaint alleged that plaintiffs were prospective purchasers of certain parcels of real property located in the town of Greenburg, Westchester county, N. Y., and that the defendant offered to sell the same to the plaintiffs for $1,400, $100 of this sum to be paid on the signing of the contract of sale, and the balance at the rate of $15 a month; that defendant exhibited a map to plaintiffs, and represented the real property aforesaid was designated on said map as lots 82, 83, and 84; that the contract of sale prepared by defendant designated the lots by the numbers referred to on said map; and that the plaintiffs signed said contract of sale, relying upon the aforesaid representations. The contract further alleges that the property described in said contract was not the property referred to on said map. The present action is brought to recover the money which the plaintiffs paid the defendant on account of said contract. No question of fraud is involved; the allegations of the complaint averring fraud having been expressly withdrawn.

Upon the trial, the court below submitted to the jury the issue whether the contract was entered into as a result of a mutual mistake of fact. The jury answered this question in the affirmative, and judgment was rendered in favor of the plaintiff. The judgment entered in effect declares the contract rescinded, and awards judgment as if there had been no contract entered into between the parties. To accomplish this result required the exercise of chancery powers, which were beyond the jurisdiction of the Municipal Court of New York. That court is without equitable jurisdiction, except to the limited ex-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tent expressly authorized by statute. There is no statutory authority for rescinding the contract on the ground of mutual mistake, which was what was attempted to be done in this case. The language employed by Mr. Justice Woodward in Earle v. Rafalovitz, 145 App. Div. 537, 539, 129 N. Y. Supp. 870, 872, is applicable to this case. In that case Mr. Justice Woodward said:

"Setting aside an executed contract is clearly not within the province of a court of law, and yet the Municipal Court, without any jurisdiction of an equitable nature, has in a simple action at law given judgment which could only come properly through an equitable action. Plaintiff's counsel attempts to justify the judgment on the authority of certain cases which hold that a defendant may interpose an equitable defense for the purpose of defeating an action in the Municipal Court, where no affirmative relief is asked; but how this can give the plaintiff any rights it is difficult to understand. In the first place, the plaintiff specially disclaimed upon the trial that there was any fraud claimed. All that was claimed was a mutual mistake, and the plaintiff has asked to be relieved from that alleged mutual mistake, which is a matter exclusively of equitable jurisdiction, and to recover a substantial amount of money. She has had affirmative relief in a court which is denied all power to give other than legal remedies, and there are no authorities which justify the judgment."

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.